UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------X
A.H.A. INTERNATIONAL CO., LTD.,

        Plaintiff,

    -against-

AMEROL CORP.,

        Defendant.
----------------------------X

**MEMORANDUM & ORDER**

Civil Action No. 05-6114 (DRH) (ARL)

**A P P E A R A N C E S:**

**For Plaintiff:**

Goldman, Horowitz & Cherno, LLP
900 Merchants Concourse, Suite 414
Westbury, NY 11590
By:    Steven D. Greif, Esq.

**For Defendant:**

No appearance

**HURLEY, Senior District Judge:**

    Plaintiff A.H.A. International Co., Ltd. ("Plaintiff "or "AHA") commenced this action seeking to recover the balance due for goods sold and delivered to Defendant Amerol Corp. ("Defendant" or "Amerol"). Presently before the Court is AHA's motion for summary judgment. For the reasons set forth below, the motion is granted.

**Procedural History**

    AHA commenced this action on December 30, 2005 seeking to recover One Hundred Three Thousand Four Hundred Fifty ($103, 450.00) Dollars allegedly due from Amerol for goods

sold and delivered by AHA to Amerol between September 3, 2004 and February 3, 2005. On January 19, 2006 Amerol filed an answer denying the salient allegations of the complaint.

In July 2006, Plaintiff filed a pre-motion conference letter in connection with a proposed motion for summary judgment. Defendant did not reply and this Court established a briefing schedule for the proposed motion whereby Defendant's opposition to the motion was to be served by October 16, 2006. In fact, Amerol did not oppose the motion and the fully briefed motion was submitted on October 25, 2006. On that same day, Amerol's then counsel filed a motion to withdraw as counsel. The motion to withdraw as counsel was referred to Magistrate Judge Lindsay. By Order dated November 20, 2006 Judge Lindsay granted the unopposed motion to withdraw. (Docket No. 11.) In her Order, Judge Lindsay reminded Amerol that a corporation cannot appear pro se in federal court and must appear through a lawyer. Amerol was given forty-five days to obtain new counsel. The Order concluded, "If the defendant corporation is unable to obtain new counsel, the plaintiff's summary judgment motion will remain unopposed and/or the corporate defendant will be at risk of a default judgment." (*Id*. at 2..) A copy of Judge Lindsay's Order was served upon Amerol. (*See* Docket No. 12). To date, no new counsel has entered an appearance on behalf of Amerol.

*Facts*

The following facts are undisputed and fully supported by AHA's submission on its motion for summary judgment.

On or about September 3, 2004, AHA and Amerol entered into a sales contract whereby AHA agreed to sell and Amerol agreed to purchase 30,000 kilograms of a commodity known as

2

BHT FCCIV Food Grade at an agreed upon price of Sixty-nine Thousand ($69,000.00) Dollars, said amount due within 90 days of the date of the bill of lading (the "first contract"). The full amount of said goods was delivered to Amerol on or about November 3, 2004, as reflected in the bill of lading. Amerol never rejected the goods. Accordingly, payment was due on or about February 3, 2005.

On or about October 14, 2004, AHA and Amerol entered into a second contract for the purchase and sale of 15, 000 kilograms of BHT FCCIV food grade at an agreed upon price of Thirty-Nine Thousand Seven Hundred Fifty ($39,750.00) Dollars (the "second contract"). Again, the contract provided for payment within ninety (90) days of the bill of lading. Thereafter a slightly lesser quantity, i.e. 13,000 kilograms, was shipped to and received by Amerol, as reflected in the bill of lading dated November 23, 2004. Amerol accepted the goods and never made a rejection of the goods. Payment in the amount of Thirty-Four Thousand Four Hundred Fifty ($34,450.00) Dollars was due on February 23, 2005. [1]

Amerol failed to make any payment for the goods delivered and sold pursuant to the first and second contracts such that the balance due from Amerol to AHA is One Hundred Three Thousand Four Hundred Fifty ($103,450.00) Dollars.

*Discussion*

*I. Standard for Summary Judgment Motion*

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other

---

[1] The second contract provides for a per unit price of "USD2.65."

documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

The failure of a non-moving party to oppose a motion for summary judgment does not automatically entitle the movant to relief. "[A] court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006) (citing *Vermont Teddy Bear Company, Inc. v. 1-800 Beargram Company*, 373 F.3d 241, 244 (2d Cir. 2004)).

## *II. Plaintiff is Entitled to Summary Judgment*

In order to prevail on an action for goods sold and delivered, a plaintiff must establish the purchase, sale and delivery of goods at an established price and the non-payment therefor. *See*

4

*Conoco Phillips v. 261 Merrick Road Corp.,* 428 F. Supp. 2d 111, 126 (E.D.N.Y. 2006). In this case, Plaintiff has established each of the elements necessary to establish its cause of action for goods sold and delivered.

First, AHA has submitted two contracts, each signed by Amerol and for the sale of BHT FCCIV food grade at an agreed upon price. Second, AHA has established through the bills of lading that the goods were delivered in accordance with the contract. *See, e.g., Agway, Inc. v. Curtin,* 161 A.D.2d 1040, 1041 (3d Dept. 1990); *see generally United Consol. Indus. v. Mendel's Auto Parts, Inc.,* 150 A.D.2d 768 (2d Dept. 1989). Third, plaintiff has established that Amerol never rejected the goods and thus it must be inferred that they were accepted. *See Siemens Energy & Automation, Inc. v. Coleman Elect. Supply Co.,* 46 F. Supp. 2d 217, 220 (E.D.N.Y. 1999). Given the absence of any evidence of rejection, defendant is obligated to pay for the goods delivered and sold. *See Sobiech v. Internat'l Staple and Machine Co., Inc.,* 867 F.2d 778, 780 (2d Cir. 1989).

Plaintiff has also established that no payment has been received and that there is due and owing One Hundred Three Thousand Four Hundred Fifty ($103, 450.00) Dollars. Under New York law, AHA is entitled to prejudgment interest on its claims. *See id.* at 781; NY CPLR §§ 5001, 5002.

Plaintiff having submitted sufficient evidence to meet its burden of demonstrating that no material issue of fact remains for trial, the motion for summary judgment in favor of AHA is granted.

*Conclusion*

For the reasons set forth above, Plaintiff's motion for summary judgment is hereby granted. Plaintiff is directed to serve a copy of this Memorandum and Order upon the Defendant. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $103,450.00, plus (1) interest thereon at the statutory rate from February 23, 2005 to the date of judgment and (2) taxable costs of this action as determined by the Clerk of Court and a bill of costs to be filed by the Plaintiff within 10 days of the date hereof.

Upon entry of judgment, the Clerk of Court is directed to close this case.

Dated: Central Islip, New York
May 8, 2007

/s/
Denis R. Hurley
Senior District Judge